WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Fowler,          ) | No. CV 06-2285-PHX-SMM |
|                        ) | |
| Plaintiff,   ) | **ORDER** |
|                        ) | |
| v.                     ) | |
|                        ) | |
| Honeywell International, Inc., ) | |
|                        ) | |
| Defendant.   ) | |
|                        ) | |

Pending before the Court is Defendant Honeywell International, Inc.'s Motion to Dismiss (Dkt. 4). Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Although not pending, the Court will also address *sua sponte* Plaintiff's request for the appointment of counsel.

## BACKGROUND

Plaintiff's original Complaint was filed in the Superior Court of Arizona, Maricopa County on August 22, 2006 and alleged a breach of contract for failure to rehire. The case was removed to this Court on September 22, 2006 pursuant to 28 U.S.C. § 1441(a) and (b). Defendant filed the instant Motion to Dismiss on September 28, 2006. After Plaintiff missed the deadline for filing a response, the Court issued a Warning Notice on November 8, 2006. (Dkt. 6). The Warning Notice reminded Plaintiff of his obligations under Local Rule 7.2 and informed him of the potential consequences for failing to respond. On November 29, 2006, Plaintiff filed an Amended Complaint that asserts new claims for retaliation, age

discrimination and sex discrimination. (Dkt. 7). Notably, the Amended Complaint contains no claims for breach of contract. Plaintiff has also filed a Supplement to the Amended Complaint, which requests, among other things, the Court to appoint an attorney for Plaintiff. (Dkt. 9). The Court will address Defendant's motion as well as Plaintiff's request for the appointment of counsel.

## STANDARD OF REVIEW

A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When deciding a Motion to Dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

A court may dismiss a claim either because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991). When exercising its discretion to deny leave to amend, "a court must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

## DISCUSSION

Defendant moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. According to Defendant, Plaintiff's Complaint failed to allege facts sufficient to: (1) establish a claim for breach of contract; (2) demonstrate that any contract existed between the parties apart from the Employment Separation Agreement and Release; and (3) show that Defendant's conduct

1 caused him compensatory damages. Plaintiff did not respond to Defendant's motion to
2 dismiss; rather, Plaintiff filed an Amended Complaint asserting new claims against
3 Defendant and dropping the previous claim for breach contract.

4 Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend
5 the party's pleading once as a matter of course at any time before a responsive pleading is
6 served." The Ninth Circuit does not consider a motion to dismiss a 'responsive pleading'
7 within the meaning of the Rule. *See, e.g., Doe v. United States*, 58 F.3d 494, 497 (9th Cir.
8 1995). Therefore, Plaintiff properly exercised his right to amend the pleadings without leave
9 of court or consent of the opposing party. In light of Plaintiff's Amended Complaint, which
10 contains no claim for breach of contract, the Court finds that Defendant's Motion to Dismiss
11 is moot.

12 Finally, the Court advises Plaintiff that he will not be appointed counsel. Unlike the
13 Amended Complaint, which Plaintiff was entitled to as a matter of course, the appointment
14 of counsel is a matter reserved solely to the discretion of this Court. *Johnson v. Railway*
15 *Express Agency,* 421 U.S. 454, 458 (1975). Plaintiff's Amended Complaint demonstrates that
16 he is capable of performing legal research and writing at a basic level. Accordingly, the Court
17 will not appoint Plaintiff counsel.

18 **CONCLUSION**

19 Therefore, in light of the reasons set forth above,

20 **IT IS HEREBY ORDERED DENYING** Defendant Honeywell International, Inc.'s
21 Motion to Dismiss (Dkt. 4) as moot.

22 **IT IS FURTHER ORDERED DENYING** Plaintiff's request for appointment of
23 counsel.

24 DATED this 16th day of February, 2007.

25
26
27
28

Stephen M. McNamee
United States District Judge