**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Fowler,                            )<br>                                                 )<br>               Plaintiff,                  )<br>                                                 )<br>v.                                             )<br>                                                 )<br>Honeywell International, Inc.,       )<br>                                                 )<br>               Defendant.              )<br>_____) | No. CV-06-2285-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Before the Court is Defendant Honeywell International, Inc.'s ("Honeywell") Motion for Summary Judgment (Dkt. 21) and Motion to Strike Late-Filed Supplemental Affidavit of Terry Fowler (Dkt. 26). Having considered the parties' memoranda and other submissions, the Court now issues this Memorandum of Decision and Order granting Defendant's motions.[1]

**BACKGROUND**

Plaintiff Terry Fowler ("Plaintiff") was employed by Honeywell from February 1984 to August 23, 2002. (Dkt. 22, Def.'s Statement of Facts ("DSOF") ¶ 3.) Plaintiff was laid off as part of a reduction in force and offered a severance package. (Id. ¶¶ 4-5.)

---

[1] Plaintiff requested oral argument in his response to Defendant's Motion for Summary Judgment. (See Dkt. 23, Pl.'s Resp. 1.) As the issues can be decided without oral argument, Plaintiff's request is denied. See LRCiv 7.2(f), 56.2.

1  Plaintiff accepted the severance package and executed an Employment Separation
2  Agreement and Release by which he released any and all claims relating to his
3  employment and termination.  (Id. ¶ 6.)  Plaintiff has not been employed by Honeywell at
4  any time since August 23, 2002.  (Id. ¶ 9.)

5  Plaintiff initiated this pro se action in Superior Court on August 22, 2006, alleging
6  "breach of contract for failure to rehire."  (Dkt. 1, Notice of Removal, Ex. 2.)  Honeywell
7  then removed the action to this Court on the basis of diversity of citizenship.  (Dkt. 1,
8  Notice of Removal.)  Plaintiff subsequently filed an amended complaint as a matter of
9  right, alleging claims for retaliation, age discrimination, and sex discrimination.
10  Plaintiff's sex discrimination claim alleges that he has been "excluded from professinal
11  [sic]  class for being a homosexual male."  (Dkt. 10, Am. Compl. 6.)  Plaintiff stated that
12  Manpower Professional Services would be added as a party and served, but failed to do
13  so.  (See id. at 2.)

14  Honeywell seeks summary judgment on all counts.  (Dkt. 21, Def.'s Mot. for
15  Summ. J.)  Plaintiff filed a response (Dkt. 23), to which Honeywell replied (Dkt. 24).
16  Two months later, Plaintiff filed a supplemental affidavit, which Honeywell seeks to have
17  stricken.  (Dkts. 25, 26.)

**STANDARD OF REVIEW**

19  A court must grant summary judgment if the pleadings and supporting documents,
20  viewed in the light most favorable to the nonmoving party, "show that there is no genuine
21  issue as to any material fact and that the moving party is entitled to judgment as a matter
22  of law."  Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);
23  Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994).  Substantive
24  law determines which facts are material.  See Anderson v. Liberty Lobby, 477 U.S. 242,
25  248 (1986); see also Jesinger, 24 F.3d at 1130.  "Only disputes over facts that might
26  affect the outcome of the suit under the governing law will properly preclude the entry of
27  summary judgment."  Anderson, 477 U.S. at 248.  The dispute must also be genuine, that

1  is, the evidence must be "such that a reasonable jury could return a verdict for the
2  nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.
3        A principal purpose of summary judgment is "to isolate and dispose of factually
4  unsupported claims." Celotex, 477 U.S. at 323-24.  Summary judgment is appropriate
5  against a party who "fails to make a showing sufficient to establish the existence of an
6  element essential to that party's case, and on which that party will bear the burden of
7  proof at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th
8  Cir. 1994).  The moving party need not disprove matters on which the opponent has the
9  burden of proof at trial.  See Celotex, 477 U.S. at 323-24.  The party opposing summary
10 judgment need not produce evidence "in a form that would be admissible at trial in order
11 to avoid summary judgment." Id. at 324.  However, the nonmovant "may not rest upon
12 the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific
13 facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Matsushita
14 Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-88 (1986); Brinson v.
15 Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

16 **DISCUSSION**

17       Honeywell seeks summary judgment on all claims, asserting that Plaintiff fails to
18 make out a prima facie case for any of his three claims.  Specifically, Honeywell asserts
19 that Plaintiff cannot present evidence that he was employed by Honeywell at the relevant
20 time or that he applied for employment with Honeywell after he was laid off.  (Def.'s
21 Mot. for Summ. J. at 5:9-113.)  Honeywell also asserts that sexual orientation is not
22 protected under Title VII.  (Id. at 4:27-5:8.)  Before addressing those arguments, the
23 Court will address Honeywell's Motion to Strike Plaintiff's supplemental affidavit.

24     **A.  Motion to Strike**

25       At the August 29, 2007 Scheduling Conference, the parties and Court discussed
26 utilizing an early motion for summary judgment to determine whether Plaintiff's claims
27
28

should properly remain before the Court.[2] (See Dkt. 20, Minute Entry dated Aug. 29, 2007.) Honeywell was given until September 28, 2007 to file a motion for summary judgment, and Plaintiff was to respond by November 2, 2007. The parties moved and responded on those deadlines, and Honeywell replied in support of summary judgment on November 26, 2007. (See Dkts. 21-24.) Nearly two months later, on January 15, 2008, Plaintiff filed a Supplemental Affidavit. (Dkt. 25.)

Honeywell moved to strike the Supplemental Affidavit on the grounds that it was untimely filed, no justification was given for why it was not timely filed, and Honeywell would be unfairly prejudiced if the Court considered the Supplemental Affidavit. (Dkt. 26, Def.'s Mot. to Strike.) In response, Plaintiff asserts that the Federal Rules of Civil Procedure permit the filing of multiple affidavits, and that affidavits may be served "before the hearing day." (Dkt. 27, Pl.'s Resp. to Mot. to Strike 1:23-2:4, quoting Fed. R. Civ. P. 56(c).)

"[Rule] 56(c) does not unconditionally require a district court to accept affidavits up to the date set for hearing on the motion for summary judgment. Rather, the rule allows district courts to adopt procedures pursuant to which the non-moving party may oppose a motion prior to a hearing date." Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995); see also Pfeil v. Rogers, 757 F.2d 850, 858 (7th Cir. 1985) ("Because no colorable reason was given to explain the plaintiff's failure to file his documents before the deadline, the district court was not compelled to delay the proceeding by considering the late documents and allowing the defendants to respond."). When new evidence is presented in a reply to a motion for summary judgment, a district court should not consider the new evidence without first giving the opposing party an opportunity to respond. Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996). However, a motion for

---

[2] At the Scheduling Conference the Court informed Plaintiff of the nature of summary judgment and the need to respond, and Plaintiff did respond. (See Dkt. 23, Pl.'s Resp.)

1    summary judgment cannot be granted simply because the opposing party violated a local
2    rule. Marshall, 44 F.3d at 725.

3         Plaintiff's Supplemental Affidavit was untimely under the local rule setting time
4    limits for opposing a motion for summary judgment. LRCiv 56.1(d).  Furthermore, the
5    Court specifically noted the response deadline of November 2, 2007 at the Scheduling
6    Conference.[3]  (See Dkt. 20.)  Under these circumstances, the Court will not delay this
7    proceeding by considering the Supplemental Affidavit and allowing Honeywell to
8    respond.  Pfeil, 757 F.2d at 858.  Moreover, the contents of the Supplemental Affidavit
9    would not affect the result reached in this matter.  Accordingly, Honeywell's Motion to
10   Strike the Supplemental Affidavit (Dkt. 26) will be granted.

### B. Motion for Summary Judgment

12        Honeywell seeks summary judgment on the grounds that Plaintiff cannot make out
13   a prima facie case for any of his three claims.  (Def.'s Mot. for Summ. J. 4-5.)  Honeywell
14   asserts that Plaintiff's claim for discrimination based on sexual orientation fails because
15   sexual orientation is not protected under Title VII.  (Id. at 4:27-5:8; Dkt. 24, Def.'s Reply
16   1:24-28.)  Honeywell asserts that Plaintiff's remaining claims fail because Plaintiff cannot
17   present evidence that he was employed by Honeywell at the relevant time or that he
18   applied for employment with Honeywell after he was laid off.  (Def.'s Mot. for Summ. J.
19   at 5:9-13.)  Plaintiff responds that Honeywell had "no intention" of considering him for
20   employment, and thus it is "irrelevant if there was a FORMAL direct application for a
21   specific position that was specifically rejected by Defendant." (Pl.'s Resp. 4:19-20 (caps
22   original).)  Plaintiff does not address Honeywell's contention that sexual orientation is not
23   protected under Title VII.  (Cf. id. at 2:20-3:2 (stating "only issue" is whether Plaintiff
24   sought and was rejected for employment by Honeywell).)

---

[3] The Court set a reply deadline of Friday, November 23, 2007.  (Dkt. 20, Minute Entry.)  Honeywell filed its reply on Monday, November 26, 2007.  (Dkt. 24.)  Plaintiff did not seek to strike Honeywell's reply as untimely, and the Court finds no prejudice was caused by the one-day delay.

- 5 -

### 1. Sex discrimination

Plaintiff's Amended Complaint asserts a claim for "sex discrimination," alleging that "Plaintiff has been excluded from professinal [sic] class for being a homosexual male." (Dkt. 10, Am. Compl. 6:1-9.) Title VII protects against discrimination on the basis of an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Within the Title VII context, "sex" refers to gender, and the terms are used interchangeably. Rene v. MGM Grand Hotel, Inc., 243 F.3d 1206, 1209 (9th Cir. 2001). Discrimination based on sexual orientation therefore does not fall within the purview or prohibitions of Title VII. Id. ("While societal attitudes toward homosexuality have undergone some changes . . . Title VII has not been amended to prohibit discrimination based on sexual orientation.").; see also Williamson v. A.G. Edwards & Sons, Inc., 876 F.2d 69, 70 (8th Cir. 1989) ("Title VII does not prohibit discrimination against homosexuals."). Plaintiff's claim for discrimination based on sexual orientation therefore fails as a matter of law, and Honeywell is entitled to summary judgment on that claim.

Plaintiff's remaining claims are for retaliation and age discrimination. (Dkt. 10, Am. Compl. 4:1-5:18.) Honeywell asserts that Plaintiff cannot make out a prima facie case for either of these claims. (Def.'s Mot. at 4:22-25.)

### 2. Retaliation

A prima facie case for retaliation requires Plaintiff demonstrate (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two. Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000). Plaintiff alleges that Honeywell "provided [a] negative reference to Defendant Manpower." (Am. Compl. 4:7-9.) Honeywell argues that Plaintiff's retaliation claim must fail because Plaintiff cannot present evidence that he was employed by Honeywell or applied for employment with Honeywell after he was laid off. (Def.'s Mot. for Summ. J. 5:9-13.) Plaintiff responds that he made a "minimally-sufficient effort to apply for Honeywell employment . . . and was either prevented from doing so due to the actions of Defendants and/or its agents and/or he was expressly or impliedly rejected for further employment by

- 6 -

Defendant." Plaintiff then analogizes his situation to anticipatory breach of contract and asserts that it is irrelevant whether he directly applied for a specific position because Honeywell had no intention of hiring him. (Pl.'s Resp. at 3:18-4:22.)

The dissemination of a negative employment reference violates Title VII if it is motivated by a retaliatory animus. Hashimoto v. Dalton, 118 F.3d 671, 675 (9th Cir. 1997); London v. Coopers & Lybrand, 644 F.2d 811, 817 (9th Cir. 1981) ("There is little question that the dissemination of adverse employment references can constitute a violation of Title VII if motivated by discriminatory intent."). However, Plaintiff presents no evidence that Honeywell provided a negative employment reference to Manpower. Plaintiff's responsive memorandum focuses only on his alleged attempts to apply with Honeywell for employment. Honeywell submits that it: (1) has no record of any conversations in which a Honeywell representative spoke with someone at Manpower regarding Fowler at any time since his severance; and (2) has never directed Manpower or any other providers of contingent workers not to submit applications on behalf of Plaintiff. (Dkt. 22, DSOF ¶¶ 9, 11.) These statements are supported by the affidavit of Lisa Morganstern Bickel, Chief Human Resources Counsel for Honeywell. (Id., Ex. 1.)

The only evidence of an adverse employment action by Honeywell, in the form of a negative reference to Manpower, is the allegation contained in the Amended Complaint. Plaintiff may oppose summary judgment with any of the evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. Celotex, 477 U.S. at 324. As Plaintiff has failed to establish the existence of an essential element of his retaliation claim, Honeywell's motion for summary judgment will be granted as to that claim. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 322.

### 3. Age discrimination

Platintiff's remaining claim is for age discrimination. (Am. Compl. 5:1-18.) Plaintiff alleges that he applied for eight positions for which he was qualified, but was never interviewed for any openings. (Id.) Plaintiff further alleges that he received an

1   email from Manpower stating that Manpower would not submit Plaintiff's applications to
2   Honeywell or any other company. (Id.)

3   The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an
4   employer to fail or refuse to hire any individual, or otherwise discriminate against any
5   individual, on account of that person's age. 29 U.S.C. § 621 *et seq*. The shifting burden
6   of proof applied to a Title VII discrimination claim based on circumstantial evidence also
7   applies to claims arising under the ADEA. Rose v. Wells Fargo & Co., 902 F.2d 1417,
8   1420 (9th Cir. 1990). The plaintiff must first make out a prima facie case of
9   discrimination, after which the burden shifts to the employer to produce some evidence of
10  a legitimate, nondiscriminatory reason for the employment decision. Id. If the employer
11  carries this burden, the plaintiff must prove that the legitimate reasons offered by the
12  employer were a pretext for discrimination. Id.

13  This burden-shifting analysis does not apply in an ADEA claim when a plaintiff
14  alleges disparate impact based on direct evidence of discrimination. Enlow v. Salem-
15  Keizer Yellow Cab Co., Inc., 389 F.3d 802, 812 (9th Cir. 2004); see also Trans World
16  Airlines, Inc. v. Thurston, 469 U.S. 111, 121-22 (1985). Direct evidence, in the context
17  of an ADEA claim, is defined as "evidence of conduct or statements by persons involved
18  in the decision-making process that may be viewed as directly reflecting the alleged
19  discriminatory attitude . . . sufficient to permit the fact finder to infer that [the] attitude
20  was more likely than not a motivating factor in the employer's decision." Id. (citations
21  omitted). Plaintiff does not submit any direct evidence of discrimination.

22  In either case—direct or circumstantial evidence of discrimination—the plaintiff
23  must make out a prima facie case of age discrimination. A prima facie case of age
24  discrimination under a disparate treatment theory requires plaintiff show: (1) he was a
25  member of a protected class (age 40-70); (2) he applied for and was qualified for a job for
26  which the employer was seeking applicants; (3) the employer failed or refused to hire
27  him; and (4) the employer continued to seek applicants with plaintiff's qualifications. See
28  Ruggles v. Cal. Polytechnic State Univ., 797 F.2d 782, 785 (9th Cir. 1986).

- 8 -

1  Honeywell argues that Plaintiff's age discrimination claim must fail because
2  Plaintiff cannot present evidence that he was employed by Honeywell or applied for
3  employment with Honeywell after he was laid off.  (Def.'s Mot. for Summ. J. 5:9-13.)
4  These statements are supported by the affidavit of Lisa Morganstern Bickel, Chief Human
5  Resources Counsel for Honeywell.  (Dkt. 22, DSOF, Ex. 1.)  Plaintiff responds that he
6  made a "minimally-sufficient effort to apply for Honeywell employment . . . and was
7  either prevented from doing so due to the actions of Defendants and/or its agents and/or
8  he was expressly or impliedly rejected for further employment by Defendant."  Plaintiff
9  then analogizes his situation to anticipatory breach of contract and asserts that it is
10 irrelevant whether he directly applied for a specific position because Honeywell had no
11 intention of hiring him.  (Pl.'s Resp. at 3:18-4:22.)

12 Plaintiff's statement of facts alleges that Honeywell "prevented Plaintiff from
13 applying for positions through its website as allegedly instructed to do by their Human
14 Resources officers and Counsel."  (Dkt. 23, PSOF ¶ 2.)  Plaintiff does not provide any
15 evidence of the alleged instruction by Honeywell's officers or counsel.  Plaintiff provides
16 computer screen printouts from the Honeywell website showing "Forgotten User Name"
17 and "Locked Account."  (Id., Aff. of Terry Fowler, Ex. A.)  The "Forgotten User Name"
18 page indicates that the system could not find a match for Plaintiff's name and address,
19 and the "Locked Account" page states that Plaintiff exceeded the maximum number of
20 attempts to log in.  (Id.)  The latter directs the user to contact customer support to unlock
21 the account.  Plaintiff does not submit any evidence of a conversation with customer
22 support or the results of any such conversation.

23 The remaining evidence submitted by Plaintiff also fails to demonstrate that he
24 applied for a position with Honeywell.  Plaintiff relies on two letters as evidence that
25 Honeywell was aware that he was seeking employment with Honeywell.  (Id., Aff. of
26 Terry Fowler ¶ 6.)  A letter dated May 26, 2006 from Ms. Bickel to a mediator at the
27 EEOC includes the following:

28

> "Honeywell understands that Mr. Fowler applied for one or more positions with Manpower, some of which may have been for placement at a Honeywell location. It is Honeywell's further understanding that Mr. Fowler was not professional in his dealings with Manpower and that Manpower ultimately informed him that because of his behavior it would not consider him for placement with any of its customers."

(Id., Ex. B at 2.) Plaintiff also submits a letter he allegedly sent to the CEO of Honeywell along with a copy of his résumé. (Id., Ex. C.) That letter contains a subject line "Balancing the Consideration and Contribution of the Severance Pkg." and is largely incomprehensible. (E.g., id. ("To sum up what has just been said, this is part and parcel thus, supplemental and in aid of me.").) That Plaintiff included a copy of his résumé does not convert it into a proper application, as confirmed by an attachment to Exhibit A, which directs an applicant to submit their résumé via email or call the Staffing office. (Id., Ex. A.)

Plaintiff's evidence fails to establish a prima facie case for age discrimination. Plaintiff's evidence does not raise a genuine issue of material fact that Plaintiff applied for a position with Honeywell, or that Honeywell refused to hire him. A reasonable jury could not find that Plaintiff's letter to Honeywell's CEO constituted a job application. See Anderson, 477 U.S. at 248 (defining "genuine" issue as such that a reasonable jury could return a verdict for the nonmoving party). Ms. Bickel's letter suggests only that Manpower, not Honeywell, refused to consider Plaintiff for placement. Moreover, Plaintiff does not present any evidence that his age has played any role in this matter. Rather, Ms. Bickel's letter to the EEOC suggests that the reason for Manpower's refusal was Plaintiff's apparent lack of professionalism, not his age. (Dkt. 23, Aff. of Terry Fowler, Ex. B at 2.) Summary judgment is therefore appropriate, as Plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he would bear the burden of proof at trial. Celotex, 477 U.S. at 322.

## CONCLUSION

Summary judgment is proper as to each of Plaintiff's three claims. Plaintiff's claim for sex discrimination fails as a matter of law because sexual orientation does not

- 10 -

1  fall within the purview of Title VII.  Plaintiff fails to submit evidence to establish an
2  essential element or elements of his claims for retaliation and age discrimination.
3  Accordingly,

4      **IT IS HEREBY ORDERED** granting Defendant Honeywell's Motion to Strike
5  (Dkt. 26).

6      **IT IS FURTHER ORDERED** granting Defendant Honeywell's Motion for
7  Summary Judgment (Dkt. 21).  Plaintiff shall take nothing by this action, and judgment
8  shall be entered in favor of Defendant.

9      **IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this
10  matter.

11      DATED this 10th day of April, 2008.

Stephen M. McNamee
United States District Judge