1   **WO**

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Terry Fowler,                     )   No. CV-06-2285-PHX-SMM
                                       )
10              Plaintiff,             )   **ORDER**
                                       )
11  vs.                                )
                                       )
12  Honeywell International, Inc.      )
                                       )
13              Defendant.             )
                                       )
14  _____ )

15

16          Currently before the Court is Plaintiff's Motion for Reconsideration (Dkt. 32), whereby

17  Plaintiff seeks reconsideration of this Court's Order of April 10, 2008 (Dkt. 30) granting

    Defendant's Motion for Summary Judgment on all three claims.  On October 27, 2008,
18
    Defendant submitted a Response to Plaintiff's Motion for Reconsideration.[1]  (Dkt. 33).  For
19
    the reasons stated below, Plaintiff's Motion for Reconsideration is denied.
20
                                   **BACKGROUND**
21
            Plaintiff initiated a pro se action in Maricopa County Superior Court on August 22,
22
    2006, alleging "breach of contract for failure to rehire." (Dkt. 1, Notice of Removal, Ex. 2).
23
    Defendant subsequently removed the action to this Court based on diversity of citizenship.
24

25          [1]Defendant's Response to Plaintiff's Motion for Reconsideration is stricken because
    Defendant did not receive the Court's permission to file it.  See LRCiv 7.2(g)(2).  Local Rule
26  7.2(g)(2) states that "[n]o response to a motion for reconsideration and no reply to the response may
    be filed unless ordered by the Court."  Accordingly, Defendant's request for an award of reasonable
27  attorney's fees for costs associated with responding to Plaintiff's Motion for Reconsideration is
    denied.
28

1    (Dkt. 1, Notice of Removal).  Plaintiff filed an Amended Complaint which alleged sex

2    discrimination, retaliation, and age discrimination.  (Dkt. 10 at 4-6).  In the Amended

3    Complaint, Plaintiff stated that Manpower Professional Services ("Manpower") would be

4    added as a party (see id. at 2), but Plaintiff failed to properly add and service Manpower.  On

5    Plaintiff's first claim for discrimination based on sexual orientation, this Court ruled that

6    "[d]iscrimination based on sexual orientation therefore does not fall within the purview or

7    prohibitions of Title VII."  (Dkt. 30 at 6, Order dated April 10, 2008).  On his second claim

8    of retaliation, this Court ruled that Plaintiff "has failed to establish the existence of an

9    essential element of his retaliation claim."  (Id. at 7).  Plaintiff's third claim of age

10    discrimination also failed because he presented no evidence that "[he] applied for a position

11    with Honeywell, or that Honeywell refused to hire him."  (Id. at 10).  Nor did the Court find

12    that he presented "any evidence that his age has played any role in this matter."  (Id.)  Thus,

13    this Court granted Defendant's Motion for Summary Judgment on all three claims.

14        Plaintiff now seeks relief from this Court's summary judgment order under Federal

15    Rule of Civil Procedure Rule 60(b)(3).  Plaintiff argues that "Defendant's attorneys made a

16    material misrepresentation before the Court during the Preliminary Pretrial Conference [sic]

17    Defendant's attorneys made an offer for a remedy to the litigation at hand."  (Dkt. 32 at 2).

18    Specifically, Plaintiff alleges that during this conference, Defendant's attorneys said "that

19    if Plaintiff, through acceptable channels, applied to them, they in fact would give said

20    application consideration."  (Id.).  Plaintiff claims that he applied directly to Defendant's

21    website on October 25, 2007 and January 15, 2008, but his applications were not considered

22    by Defendant.  (Id.).  Accordingly, Plaintiff asserts that "[b]y non-consideration of

23    applications, Defendant(s) materially misrepresented remedy to Plaintiff and this Court" (id.)

24    and thus, the Court should "vacate ruling for Summary Judgment dated 4/10/08, reopen the

25    case and . . . allow Plaintiff to proceed with further settlement hearings and/or trial."  (Id. at

26    3).

27

28

**STANDARD OF REVIEW**

Rule 60(b) permits reconsideration of a district court order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59; *(3) fraud, misrepresentation, or misconduct by an adverse party*; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.   See Fed. R. Civ. P. 60(b)(1)-(b)(6) (emphasis added). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).   To prevail on a motion for reconsideration under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." De Saracho v. Custom Food Mach., Inc., 206 F.3d 874, 880 (9th Cir. 2000) (citing Lafarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986); Jones v. Aero/Chem Corp., 921 F.2d 875, 878-79 (9th Cir. 1990)).   Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." In re M/V Peacock on Complaint of Edwards, 809 F.2d 1403, 1405 (9th Cir. 1987).

The Local Rules of Civil Procedure further provide, in pertinent part, that a court may deny a motion for reconsideration "absent a showing of manifest error or a showing of new facts or legal authority that *could not have been brought to its attention earlier with reasonable diligence*." LRCiv 7.2(g)(1) (emphasis added).   Moreover, the motion "shall point out with specificity . . . any new matters being brought to the Court's attention for the

first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order."  Id.

## DISCUSSION

Plaintiff does not allege "new facts . . . that could not have been brought to [the Court's] attention earlier."  Id.  Specifically, Plaintiff alleges that he attempted to apply to Honeywell but his application was not considered.  These alleged incidents occurred on October 25, 2007 and on January 14, 2008 but were not brought to the Court's attention before it issued the original order on April 10, 2008.  Although these events occurred some six and four months prior to issuance of the order respectively, Plaintiff provides no reasons why he did not present them to the court earlier.  Thus, under Local Rule 7.2(g)(1), Plaintiff's order must be denied.

Although Plaintiff alleges that Defendant's attorneys made a material misrepresentation to him in a Preliminary Pretrial Conference, this argument does not warrant reconsideration because none of the three factors that make reconsideration appropriate are present in Plaintiff's motion.  Plaintiff did not present to the Court "newly discovered evidence;" nor is there any record that this Court committed "clear error or the initial decision was manifestly unjust."  See School Dist. No. 1J, 5 F.3d at 1263. Additionally, there has been no "intervening change in controlling law."  Id.

First, Plaintiff has not presented newly discovered evidence.  The Court granted summary judgment in favor of Defendant because Plaintiff presented no evidence to support his claims.   Plaintiff's allegations that Defendant's attorneys made a material misrepresentation could have been presented to the Court prior to its original order. Moreover, he provides no evidence to support the allegations.  Even if Plaintiff's allegations were true, the conciliatory statements made by Defendant's counsel during the Preliminary Pretrial Conference had no bearing on the Court's order regarding summary judgment.

Second, Plaintiff has not proved that this Court "committed clear error or the initial decision was manifestly unjust."  Because Plaintiff failed to support his original complaint

with any pertinent Rule 56(c) evidentiary materials, the Court's order granting Defendant's Motion for Summary Judgment on all three claims was not clear error. Third, Plaintiff presented no intervening change in controlling law that warrants a different outcome in this case. Moreover, the Court is unaware of new controlling law that applies to Plaintiff's case.

Thus, Plaintiff's Motion for Reconsideration is denied because he did not prove "by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." De Saracho, 206 F.3d at 880.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for Reconsideration. (Dkt. 32). Additionally, Defendant's request for attorneys' fees is denied.

DATED this 12th day of November, 2008.

Stephen M. McNamee
United States District Judge